PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ALFONSO LÓPEZ SOLANO ET AL., Defendants and Appellants.

No. 3912. Argued November 12, 1930.—Decided June 27, 1931.

*Armando A. Miranda* for Hermenegildo Sierra, appellant. *R. A. Gómez* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The defendants were convicted of murder in the first degree. From the facts admitted in evidence the jury had a right to believe that Alfonso López Solano and Hermenegildo Sierra, alias "Merejo", in pursuit of a common design to obtain some money belonging to José Fontánez Torres, went to the lonely house of the latter in Guaynabo where he lived with a sole child, and not only killed José Fontánez, but to conceal their crime, killed Regina Fontánez, the daughter. This information is for the murder of José Fontánez and the appeal is by Sierra alone.

The first assignment of error sets up that the court erred in permitting the district attorney to connect up this case with the murder of Regina Fontánez. If the admitted facts were to be believed, all of the circumstances were so intertwined that the two murders were inseparable, *People* v. *Philip*, 34 P.R.R. 619; or could be considered as part of the *res gestae*; *People* v. *Souffront*, 30 P.R.R. 101; Underhill on Criminal Evidence, page 157, paragraph 88. If for no other reason the attempt at concealment, like flight, hiding, or silence under a duty to speak, might be spread before the jury.

The ninth error relates to a mistake of the stenographer. He took down in his notes that a witness said the pistol used

was of pearl. The court, however, was convinced that the witness had said "black" and was justified in ordering a change to "black". It transpires that the stenographic word sign for each word is the same. The jury besides would know what was said and no attempt was made to show that the court was mistaken or to request an instruction with respect to what was actually said.

In the discussion of the second error the appellant refers us to the page of the record, but does not specifically mention in his brief what was objectionable. It was a slight piece of circumstantial evidence or its admission was harmless.

The *Fiscal* of this Court groups the third, fourth, fifth, sixth, seventh, tenth, eleventh, twelfth, thirteenth and fourteenth assignments of error.

The theory of the appellant is that the objected evidence did not connect Hermenegildo Sierra, alias "Merejo" with the crime and that no sufficient corroboration for the confession of Alfonso López, co-defendant exists whereby to convict Hermenegildo Sierra. Alfonso López made a complete confession and clearly implicated his codefendant. A part of the objected evidence related to the conduct of "Merejo" after the crime, his bearing or words. A good deal of it was relevant but not important, as where "Merejo" being present at the primary investigation said "Dont turn over the body" referring to the deceased, or that "Merejo" was surprised and restless. This class of objections goes to the weight of the evidence and not to its materiality or competency.

Then there was a fair amount of testimony with regard to what López said tending to incriminate Sierra. The principle is that in a joint enterprise or conspiracy like the present case, whether the conspiracy is distinctly alleged or not, if it is proved or the objected evidence tends to prove the said conspiracy, the declarations of an accomplice may be admitted, especially if made before the consummation thereof.

*People* v. *Carson,* 155 Cal. 164, 99 Pac. 970; *People* v. *Murphy,* 146 Cal. 502, 80 Pac. 709, 16 C. J. 644, pars. 1283 *et seq.; People* v. *Beltrán,* 18 P.R.R. 908; *People* v. *Vázquez,.* 20 P.R.R. 338; *People* v. *MacPhee,* 26 Cal. A. 218, 146 Pac. 522, 16 C. J. 648, par. 1288. And this of course in the absence of a defendant like Sierra.

As to the corroboration of López, in his brief the *Fiscal* of this Court reviews the evidence objected to and much more to show corroboration of López. *People* v. *Negra,* 208 Cal. 64, largely transcribed in the brief of the *Fiscal,* was a case where the corroboration was weaker than in the present case. The evidence does not have to be very strong. This principle is supported by *People* v. *Kempley,* 205 Cal. 441, where the court reversed for lack of sufficient corroboration. That corroboration need not be very strong has been frequently decided by this Court.

In the instant case there was evidence tending to show the nervous conduct of Sierra and his silence when he should have spoken; of his saying that some day he would come to blows with Fontánez, cursing him, and more to the same effect; of Sierra's lack of funds with which to gamble before the event and his possession of money thereafter; of his fear of being accused; of his failure to be surprised at his arrest (not an important matter but admissible); that López suggested they should both confess and Sierra answered not at all; of his negations while López in his presence made his confession, and the trembling of Sierra; of his conduct while looking for the body of the child; there was testimony to the effect that Sierra admitted that Fontánez offered no resistance on the night of the event, and more particularly the very important evidence that tended to place Sierra in possession of the pistol that very recently had belonged to Fontánez and his attempt to conceal it.

Assignments eight, fifteen, sixteen, and seventeen relating to the instruction and weight of the evidence were not discussed by the appellant and we find no error.

At the hearing of this case and to a light extent in his brief, the appellant said that the confession of López was extorted from him by improper means. This and other matters are raised or perhaps suggested in the brief of the appellant, but the said matters were either waived or consented to, or no due objection was made and they are not specifically mentioned in the assignments of error. With regard to the alleged confession as being involuntary, testimony was adduced tending to show that it was entirely voluntary and that no undue force, duress or the like was imposed upon the said López. The question of whether the confession of López was voluntarily made was left to the jury under careful instructions by the court.

Neither the appellant nor the *Fiscal* has taken adequate pains to refer us to the pages of the record on which the testimony may be found. On the part of the appellant there is no such brief relation of the facts, as the letter and spirit of our rules require.

The judgment will be affirmed.

Mr. Justice Hutchison concurs in the result.